# THE AMERICAN LIGHTING CO. OF BALTIMORE CITY *vs.* ROBERT J. M. McCUEN, SUPERINTENDENT OF LAMPS AND LIGHTING, ET AL.

*Municipal Corporations—Contract Formed by Acceptance of Bid for Lighting Streets—Subsequent Preparation of Formal Contract—Superintendent of Lamps Not Authorized to Appoint and Remove Workmen Employed by the Contractor.*

When in pursuance of his authority a municipal official advertised for bids for doing certain public work according to specifications, and plaintiff's bid was accepted and the contract awarded to him by the Board of Estimates, a final and binding contract is thereby made, although the city charter provides that the "successful bidder for city work shall execute a formal contract to be approved as to its form, terms and conditions by the City Solicitor;" and when the formal contract is prepared no terms can be inserted therein not warranted by the papers evidencing the contract or by the charter.

The charter of Baltimore City (Act of 1898, ch. 123), provides that all heads of departments and boards shall have the sole power of appointment and removal at pleasure of all deputies, employees, etc., employed by them. Section 204 provides that the Superintendent of Lamps and Lighting (the head of a department) shall have charge and supervision of the lighting of the city. Section 15 directs that the successful bidder for city work shall execute a formal contract to be

approved as to its form, terms and conditions by the City Solicitor. The Superintendent of Lamps advertised for bids for lighting the city for three years according to certain specifications. The plaintiff company submitted a bid which the Board of Awards accepted and awarded the contract accordingly. The formal contract submitted to the plaintiff for its execution provided that " all the employees necessary to perform the requirements of said specifications shall be appointed by the Superintendent of Lamps and Lighting, who shall have reserved to him the right and power to remove at any time any of said employees." The plaintiff company refused to execute the contract containing this clause and asked for a mandatory injunction requiring the execution of a contract without such a provision. *Held,*

1st. That the Superintendent of Lamps was authorized under his power to supervise the lighting of the city to contract for the lighting of the streets, subject to ratification by the Board of Awards, without any enabling ordinance of the Mayor and City Council, and the award made to the plaintiff constituted a complete and valid contract into which no extraneous provision could subsequently be introduced by the Superintendent.

2nd. That the Superintendent of Lamps is not authorized by the charter to appoint and remove the workmen employed by the plaintiff company in carrying out the contract.

Appeal from a *pro forma* decree of Circuit Court No. 2, of Baltimore City, dismissing the bill of complaint in this case.

The cause was argued before McSHERRY, C. J., FOWLER, BRISCOE, PAGE, BOYD, PEARCE, SCHMUCKER and JONES, JJ.

*Bernard Carter, Thomas R. Clendinen* and *William S. Bryan, Jr.,* for the appellants.

*Olin Bryan* (with whom was *Wm. Pinkney Whyte* on the brief), for the appellee.

FOWLER, J., delivered the opinion of the Court :

The American Lighting Company, being a corporation incorporated under the laws of this State, filed a bill in Circuit Court No. 2 of Baltimore City for a mandatory injunction. The bill alleges that the Superintendent of Lamps and Lighting in the exercise of authority conferred upon him by the charter of that city, advertised in November last, according to the provisions of sections 14 and 15 of the charter, for sealed pro-

posals for lighting the streets for the period of three years from March 1st, 1901, and that he at the same time prepared specifications for the work for which proposals were invited; that the plaintiff made a written bid for said work, and, as required by the terms of the charter, filed it with the City Register and said Superintendent of Lamps; and that the contract for doing said work was duly awarded to the plaintiff by the Board of Awards.

Section 15 of the city charter provides that "the successful bidder for city work shall promptly execute a formal contract, to be approved, *as to its form, terms and conditions* by the City Solicitor." In accordance with this section a contract was prepared and submitted to the plaintiff to be executed, but it refused to do so upon the ground that the City Solicitor had introduced in the contract the following paragraph: "Second. That the said American Lighting Company of Baltimore City does upon its part agree that all the employees necessary to carry out and perform the requirements of said specifications, shall be appointed by the Superintendent of Lamps and Lighting, who shall have reserved unto him the right and power to remove at any time any of the said employees, as well also as the power to appoint all of said employees, for the purpose of the proper performance of this contract." This right to appoint and discharge the employees of the contractor is based upon the provisions of sections 28 and 204 of the charter.

The Superintendent of Lamps and the Mayor having refused to execute a contract without incorporating therein the objectionable provision above quoted, the plaintiff filed this bill so alleging and praying that a mandatory injunction be issued commanding the superintendent to execute and deliver a contract with the plaintiff in the form to be approved by the Law Department of the City of Baltimore, without containing the above clause.

The Superintendent of Lamps and the city answered, and without stating in detail the allegations of the answer it is sufficient to say that they base their claim to appoint and discharge the employees of the plaintiff upon the provisions of

sections 28 and 204 above referred to, and upon the contention that there was no valid, binding and subsisting contract between the plaintiff and defendants, when the contracts was awarded to the former by the Board of Awards, but that it was necessary for the completion and consummation of the proposed contract that the "formal contract" provided for in section 15 of the charter should first be actually executed by the plaintiff. A *pro forma* decree was passed dismissing the bill and the plaintiff has appealed.

(1). We think there can be no serious contention that the advertisement specifications, the bid of the plaintiff, and " the award of the contract" to it by the Board of Estimates taken together constitute a valid and complete contract. The city needed certain materials furnished and labor to be done in connection with the lighting of the city, and the officer under whose charge and supervision this lighting is placed by the charter, and in pursuance of its provisions, advertised for sealed proposals for furnishing the materials and doing the work in accordance with specifications filed in his office. Every fact necessary to constitute a contract will be found in one or the other of these written papers, and when the Board of Awards, composed of the Mayor, the President of the Second Branch of the City Council, the City Register, the City Comptroller and the City Solicitor, actually awarded the contract to the plaintiff to light the streets and so forth, for a period of three years at its bid, the contract was as complete and legally binding as if the more formal contract provided for by section 15, of the charter had been executed. The negotiation was ended. The minds of. the parties met, and nothing remained to be done but to prepare and execute the more formal contract as provided by the charter. Such being the situation it is well settled, both upon general principle and authority, that the contract is complete. *Cheney* v. *Eastern Transp. Line,* 59 Md. 557; *Wills* v. *Carpenter,* 75 Md. 80; *Drummond* v. *Crane,* 159 Mass. 577; 23 L. R. A. 707; *Sanders* v. *Pottlitzer Co.* 144 N. Y. 209; 29 L. R. A., and note. It does not seem to us that the fifteenth section of the charter relied on by the defendants

to sustain their contention on this branch of the case has any force.  For while it does provide that the formal contract to be executed is to be approved " as to its form, terms and conditions by the City Solicitor," yet it could not be seriously contended that by virtue of this provision he could insert any terms and conditions not warranted by one or the other of the papers forming the contract that was awarded, or not authorized by the charter.  Until the *formal* contract was prepared for execution there was not only nothing in the negotiation nor in the written evidence of the contract to show that the plaintiff contemplated surrendering the right to employ and discharge its own workmen, but the specifications prepared by the defendants in terms provide that the plaintiff " must employ such number of men as is necessary to give the city the best service possible, who must be registered voters of the city of Baltimore, except those having in charge the management of said work and service."

(2). But, as we have seen, the contention of the defendants is that the charter of the city properly construed does in fact confer upon the Superintendent of Lamps the power to appoint and discharge the workmen the plaintiff must have in his employ to do the work required by the contract.  Such a claim is so unreasonable on its face that we would not only not expect, but we would be surprised to find it sustained by an examination of the charter.  The sections relied on are 28 and 204.  The former provides that " heads of departments, heads of sub-departments, municipal officers not embraced in a department, and all special commissions and boards *shall have the sole power of appointment and removal* at pleasure of all deputies, assistants, clerks, and subordinate employees, *employed by them,* unless otherwise provided in this article." There is nothing in this language which throws any light upon the question we are considering, which is whether the municipal official designated as the Superintendent of Lights has the power to appoint and discharge certain workmen in the employ of a contractor.  This section gives to the heads of departments and so forth, the sole power of appointment and removal

of all subordinate employees employed by them respectively, instead of leaving such appointments in the hands of the Mayor, as under the former charter. But before they can exercise this power the persons who are the subjects of such appointment or removal must " be *employed by them.*" So that, while section 28 does clearly provide that certain officers and heads of departments shall have power to appoint and remove *their own* employees, yet there is nothing therein which enables us to decide who is or who is not such an employee. And after all that is what we have to decide here —for if the men employed or in the employ of the contractor are employees of the Superintendent of Lighting *then* and only *then* would he under the terms of this section have the power of appointment and removal thereby conferred.

Nor do we think that section 204 sustains the contention of the defendants. That section provides : "That there shall be a Superintendent of Lamps and Lighting, who shall be appointed by the Mayor in the manner prescribed in section 25. He shall have under his charge and supervision the lighting of the City of Baltimore, and shall perform the duties now performed by the General Superintendent of Lamps and Inspector and Sealer of Gas Meters, and such other duties as may be prescribed by ordinances not inconsistent with this charter." Under this section the duties of the Superintendent of Lamps are prescribed, and he is to have charge and supervision of the lighting of the city. It is plain that he can have this charge and exercise this supervision as well whether the actual work is done under a contract with an independent contractor as when it is done by men employed by him. Thus under the former charter the City Commissioner had charge of the grading and paving of streets (Code of 1893, sec. 69) and it was always conceded that he could have the work done either by a contractor or by men directly employed by him. And under the same charter the General Superintendent of Lamps and Inspector and Sealer of Gas Meters (whose duties are by the new charter conferred upon the defendant, the Superintendent of Lamps and Lighting) was

authorized to make contracts for furnishing lamps and lamp pillars and indeed for everything, relating to lamps and lighting except perhaps, the actual lighting and cleaning of the lamps and the extinguishing of the lights. Section 3, Art. 28, sections 95 and 104, Art. 48, sec. 16, Art. 28 of Code of 1893. But in addition to this we are of opinion that the broad power conferred upon the superintendent by section 204 to have " under his charge and supervision" the lighting of the city clearly carries with it the power, without an enabling ordinance, to make such a contract as the one here in question. No such power as this was given by the old charter to any officer recognized by it. We think it clear, therefore, that there is not only nothing in section 204 which denies to the Superintendent of Lamps the power to contract, but it appears to recognize that the necessary lighting may be done either in that manner or by persons employed by the Superintendent of Lamps. The City Solicitor concedes in his brief that "it would be greatly to the advantage of the city for contracts such as that proposed in this case, to be made by the head of the department, under whose supervision the work is to be done." "This would result," he says "in a very great saving of money to the city and be the means of getting much better returns for the money expended than could possibly be accomplished by the lighting being done in the usual way by numerous employees of the city, without an independent contractor who will have special supervision over them."

In our opinion without further elaboration of a question which appears to be clear, we are of opinion that there is nothing in the sections referred to which sustains the contentions of the defendants, and we, therefore, hold :

*First,* That the defendant, the Superintendent of Lamps and Lighting has power under the charter to make the contract in question with the plaintiff, subject, of course, to the ratification and award thereof by the Board of Awards.

*Second,* That the Superintendent of Lamps and Lighting is not authorized by the charter to appoint and remove the

workmen employed by the plaintiff in accomplishing the work
contemplated by the contract.

> *Decree reversed with costs and cause
> remanded.*

(Decided February 20th, 1901.)